IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

WILLIAM R. TURNER,

           Petitioner,

     vs.                    **Case No. 05-3103-RDR**

RAY ROBERTS, Warden,
El Dorado Correctional
Facility; PHILL KLINE,
Attorney General of Kansas,

           Respondent.

_____

## MEMORANDUM AND ORDER

This matter is presently before the court upon petitioner's pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

Petitioner was charged in Kansas state court with two counts of aggravated indecent liberties with a child in violation of K.S.A. 21-3504(a)(1), one count of criminal sodomy in violation of K.S.A. 21-3505(a)(2), two counts of indecent liberties with a child in violation of K.S.A. 21-3503(1), and one count of indecent solicitation of a child in violation of K.S.A. 21-3510(a)(1). Following a jury trial, the defendant was convicted of all charges except the charge of indecent solicitation of a child. The defendant appealed, raising the following issues: (1) the trial court erred in failing to instruct that the jurors had to

unanimously agree on a particular underlying criminal act that constituted the crimes of aggravated indecent liberties and indecent liberties; (2) the trial court erred in admitting evidence of prior crimes committed by him; and (3) the trial court erred in admitting evidence of gang affiliation by the defendant.  The Kansas Court of Appeals affirmed petitioner's convictions for aggravated indecent liberties with a child and criminal sodomy, but reversed his two convictions for indecent liberties with a child on the grounds that the evidence of petitioner's prior crimes was improperly admitted in support of these charges.  State of Kansas v. Turner, 32 P.3d 1241 (Kan.App. 2001) (table case).  The Kansas Supreme Court denied review.  Upon remand, the State chose to dismiss the reversed charges rather than retry them.

Petitioner then filed a petition for habeas relief in state court pursuant to K.S.A. 60-1507.  Petitioner raised the following issues:  (1) he was denied effective assistance of counsel at trial; (2) his rights to a speedy trial were violated; (3) the trial court erred in admitting prior crimes committed by him; (4) the trial judge engaged in judicial misconduct; (5) the evidence was insufficient to support his convictions; and (6) the prosecutor engaged in prosecutorial misconduct.  The state district court denied relief.  The court determined that petitioner was not entitled to relief based upon his contentions that evidence of prior crimes, drug use and gang affiliation was improperly admitted

2

because they had either been decided on direct appeal or involved mere trial errors that should have been included on direct appeal. The court also found that petitioner's claims of speedy trial violations, judicial misconduct, prosecutorial misconduct and sufficiency of the evidence were barred because they could have been raised on direct appeal but were not.  Finally, the court found that petitioner's claim of ineffective assistance of counsel lacked merit.  On appeal, the Kansas Court of Appeals affirmed the district court's ruling.  Turner v. State of Kansas, 94 P.3d 737 (Kan.App. 2004) (table case).  The Kansas Supreme Court denied review.  Petitioner filed the instant petition on March 1, 2005.

In this petition, petitioner raises five issues.  He contends he was denied a fair trial because (1) evidence of his prior crimes was improperly admitted; (2) the trial court failed to give a unanimity instruction; and (3) the prosecution engaged in misconduct during the trial.  He also asserts that there was insufficient evidence to sustain a conviction on the counts of which he was convicted.  Finally, he argues that his trial counsel was ineffective.

II.

A writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or, "was based on an

unreasonable determination of the facts in light of the evidence presented at trial."  28 U.S.C. § 2254(d)(1)&(2).  State court factual findings are presumed correct, absent clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1).

The Supreme Court has stated that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in our cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

The law limits the authority of the court to hold an evidentiary hearing upon petitioner's application for relief:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that – – (A) the claim relies on – – (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

4

28 U.S.C. § 2254(e)(2).

### III.

The charges against the petitioner arose from incidents that occurred between June 1, 1998 and May 30, 1999 with his fourteen-year-old niece, H.W., and her fourteen-year-old friend, K.C.  As noted previously, the petitioner was convicted of aggravated indecent liberties with H.W. and criminal sodomy of H.W.  The evidence in support of these convictions came from H.W. and others who learned of the acts through H.W.  In the summer of 1998, petitioner and his wife lived with his wife's mother.  During that time, H.W. frequently visited the home and sometimes spent the night.  Sometime during June of 1998, petitioner fondled H.W.  A short time later, petitioner and his wife moved into their own house.  H.W. frequently visited and often watched petitioner's toddler while petitioner's wife was at work.  During this time, petitioner inappropriately touched and fondled H.W. on an almost daily basis.

One night in 1999 during the school year, H.W. was sleeping in the petitioner's bedroom.  H.W. had gone to sleep in the bedroom while petitioner and his wife watched television in the living room.  After petitioner's wife and child went to sleep on the couch in front of the television, petitioner entered the bedroom, removed all of his clothing, and laid on the bed next to H.W.  Petitioner positioned himself so that his penis was touching H.W.'s buttocks.

He then fondled her and removed her clothes. Petitioner then inserted his fingers into H.W.'s vagina and started "moving them around." He then performed oral sex on H.W. H.W. told petitioner to stop, but he told H.W. to be quiet or she would wake up his wife. At some point during the incident, petitioner masturbated. After the encounter, petitioner told H.W. never to tell anyone about what had happened or something bad would happen to her or her family. H.W. took a shower, then awakened petitioner's wife and told her to sleep in the bedroom. H.W. then dozed on the couch until morning. The next day, H.W. told a friend and her friend's grandmother about the incident.

Petitioner was also convicted of aggravated indecent liberties with K.C. The evidence in support of this conviction came primarily from the testimony of K.C. and H.W. Petitioner, K.C. and H.W. were at a local swimming pool in July 1998 on a Saturday. While at the pool, petitioner fondled K.C. on top of her swimming suit. K.C. told him to stop. He then put his hand inside her swimsuit and inserted his fingers into her vagina. Later that day, K.C. and H.W. discussed their problems with petitioner. H.W. revealed that petitioner had been sexually touching her and not letting her leave. The next day, petitioner, H.W. and K.C. returned to the pool, and petitioner again fondled K.C.

IV.

The State has suggested the following claims asserted by the

6

petitioner are procedurally barred: (1) use of prior crimes evidence violated due process rights; (2) the State engaged in prosecutorial misconduct; and (3) evidence was insufficient to support his convictions.

To qualify for relief under § 2254, the petitioner must first exhaust his state court remedies. 28 U.S.C. § 2254(b). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack. <u>Dever v. Kansas State Penitentiary</u>, 36 F.3d 1531, 1534 (10th Cir. 1994). Petitioner's argument that he has exhausted his state court remedies fails for the reason that, when review by the highest court is denied for procedural reasons, the exhaustion requirement is not satisfied. <u>See</u> <u>Steele v. Young</u>, 11 F.3d 1518, 1521 (10th Cir. 1993).

To avoid losing his § 2254 claims after a procedural default at the state level, petitioner must either show cause for the procedural default or show that the failure to hear his claim will lead to a miscarriage of justice. The Supreme Court has explained:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). To show cause and

excuse the procedural default, a petitioner must establish that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Absent cause for the procedural default, a petitioner must make a "colorable showing of factual innocence" to demonstrate a fundamental miscarriage of justice and avoid § 2254's exhaustion requirement. Demarest v. Price, 130 F.3d 922, 941 (10th Cir. 1997).

On the three claims noted by the government, the petitioner has failed to exhaust his state law remedies, has not shown cause for his procedural default, and has not demonstrated that dismissal of his claim will result in a fundamental miscarriage of justice. Accordingly, the court agrees with the government that these claims are procedurally barred.

Even if we were to consider these claims, we would find that they fail on the merits. Petitioner initially contends there was insufficient evidence on his convictions. He suggests that the evidence showed that the allegations "were contrived and part of a common scheme to destroy [him] because of the discipline he tried to enforce in his own home."

In examining this claim, the appropriate inquiry is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

8

Jackson v. Virginia, 443 U.S. 307, 319 (1979).  The court must accept the jury's resolution of the evidence as long as it is within the bounds of reason.  Kelly v. Roberts, 998 F.2d 802, 808 (10th Cir. 1993).

The Tenth Circuit has not resolved whether the court should review a sufficiency of the evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1).  Fields v. Gibson, 277 F.3d 1203, 1220 (10th Cir. 2002).  Under either standard, petitioner's claims fail.

Viewing the evidence in the light most favorable to the prosecution, the court concludes that a rational trier of fact could find that the petitioner committed the aforementioned offenses.  Petitioner's convictions are neither "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), nor were they "based on an unreasonable determination of the facts in light of the evidence presented at trial," 28 U.S.C. § 2254(d)(2).  Accordingly, the court must deny relief on this issue.

Petitioner next argues that the State engaged in prosecutorial misconduct by (1) delaying the trial; (2) admitting evidence of past crimes that were never prosecuted; and (3) referring to him as a gang member who beats his wife.

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context

of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-46 (1974). "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (internal quotation marks and citation omitted).

The court finds no factual support in the record for the claims made by the petitioner. Petitioner has failed to point to any facts that support his contention that the prosecutor purposely delayed the trial, and the court has not discovered any in the record. The trial court considered a motion to dismiss filed by the petitioner on the speedy trial issue and denied it.

The court also finds no prosecutorial misconduct in the introduction of the evidence on petitioner's gang membership. This evidence was relevant to issues that were raised during the trial. Accordingly, we cannot find that its introduction rendered the petitioner's trial fundamentally unfair.

Finally, we do not find the introduction of evidence on the past crimes constituted prosecutorial misconduct. Even if the introduction of this evidence was erroneous, we find no evidence of prosecutorial misconduct. Moreover, for the reasons noted later in this opinion, we do not find that it rendered petitioner's trial fundamentally unfair.

10

V.

Petitioner contends his right to a fair trial was violated when the trial court failed to give a unanimity instruction. He contends that the State introduced evidence of multiple acts to support the indecent liberties charges with H.W. and K.C. He therefore contends that, without a unanimity instruction, "there is no way to tell what act the jury determined constituted which alleged crime."

The Sixth Amendment guarantees a criminal defendant the right to a unanimous jury verdict. <u>See</u> <u>United States v. Linn</u>, 31 F.3d 987, 991 (10th Cir. 1994). Here, the trial court did instruct the jury that its verdict must be unanimous. The petitioner did not propose a specific unanimity instruction to the trial court. "Where, as in this case, a defendant does not request a specific unanimity instruction, we review the lack of such an instruction under the plain error standard." <u>United States v. Powell</u>, 226 F.3d 1181, 1194 (10th Cir. 2000) (quotation omitted).

The Kansas Court of Appeals considered this issue and applied a harmless error standard. The court concluded that the failure to give a unanimity instruction was harmless error. The court stated:

> Here, there has been no showing of juror confusion. Second, Turner's defense was general denial. The factual issue presented to the jury under both counts of indecent liberties was whether Turner committed the acts. If the jury accepted H.W's version of events, the defendant committed the crime. Likewise, if the jury accepted K.C.'s version of the events, the defendant was guilty. In short, the material issue presented to the jury was

11

'yes or no' as to whether the defendant committed the underlying acts. We conclude under the holding in [State v.] Hill [, 271 Kan. ____, (2001)] that the trial court's failure to give a unanimity instruction was harmless beyond a reasonable doubt.

This court does not find that the state court decision concerning the failure to give a unanimity instruction was contrary to, or involved an unreasonable application of, clearly established federal law. A review of the trial reveals that the lack of a jury instruction on unanimity could not have had a substantial and injurious effect on the petitioner's verdict because he made no effort to distinguish between the various acts described by the victims. See, e.g., Walsh v. Gomez, 19 Fed.Appx. 510, 513 (9th Cir. 2001). As pointed out by the Kansas Court of Appeals, the only issue before the jury was whether he committed the acts, not whether he committed any specific acts. Therefore, we find no error in the decision of the state court on this issue.

VI.

Petitioner also claims that his due process rights were violated when the state introduced evidence of his prior crimes. He suggests that "[m]uch of the evidence and testimony was presented without the protections of [K.S.A.] 60-455 which would have protected [his] constitutional rights to due process and to a fair trial."

At trial, the state introduced evidence that the petitioner had committed sexual crimes against minor girls on two previous

12

occasions. Petitioner's trial counsel objected to the introduction of this evidence. The trial court found this evidence to be admissible for the limited purpose of proving intent with respect to the two charges of indecent liberties with a child. The trial court specifically instructed the jury to consider this evidence only in regards to the indecent liberties charges.

The court does not find that erroneous admission of this evidence rises to the level of a due process violation. Its admission did not render the trial fundamentally unfair. "The improper admission of evidence of prior acts does not rise to the level of constitutional error if the trial judge instructs the jury to disregard the evidence." Duvall v. Reynolds, 139 F.3d 768, 787–88 (10th Cir. 1998). Here, the trial judge specifically instructed the jury to limit its consideration of the prior crimes evidence to the two charges of indecent liberties with a child. The convictions on these charges were later reversed by the Kansas Court of Appeals. There is no reason to believe that the jury did not adhere to this instruction on the other charges. See Weeks v. Angelone, 528 U.S. 225, 234 (2000). Thus, there is no reason to believe that the error infected any of the other charges. Accordingly, the court fails to find that petitioner has established a due process violation warranting federal habeas corpus relief.

13

VII.

The court shall next turn to the petitioner's claims of ineffective assistance of counsel.  He contends his counsel was ineffective because (1) he failed to challenge a violation of his speedy trial rights; (2) he failed to object that K.C. could not identify him; (3) he failed to challenge certain evidence and then erroneously solicited excluded evidence, i.e., that petitioner supplied drugs and alcohol to H.W.; (4) he failed to properly impeach the victim; (5) he failed to challenge evidence about his gang membership; (6) he failed to call certain witnesses who could have provided relevant testimony; and (7) he failed to properly attack witnesses' credibility and failed to utilize medical evidence to negate the charges.

The trial court determined that petitioner had not established that his trial counsel was ineffective.  The court determined that his counsel (1) had challenged the speedy trial violation; (2) vigorously cross-examined all witnesses and challenged all evidence offered by the state; and (3) offered evidence in support of petitioner's theory of defense.  The Kansas Court of Appeals found that the record supported the conclusions reached by the trial court.

To demonstrate ineffectiveness of counsel, petitioner must generally show:  (1) that counsel's performance fell below an objective standard of reasonableness (i.e. deficient), and (2) that

14

counsel's deficient performance was prejudicial.  Strickland v. Washington, 466 U.S. 668, 687, 690 (1984).  In order to meet the first element, there must be "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. Petitioner must show that her counsel's conduct did not fall within the range of competence demanded of an attorney in a criminal case. Id. at 689; United States v. Carr, 80 F.3d 413, 417 (10th Cir. 1996).  However, courts are to review such claims with a strong initial presumption that counsel conduct falls within this acceptable range, thereby eliminating the "distorting effects of hindsight." Strickland, 466 U.S. at 688-89; Carr, 80 F.3d at 417. With regard to the second element, petitioner must show that counsel's errors were "so serious as to deprive [him] of a fair [proceeding in which the] result is reliable." Strickland, 466 U.S. at 687.  The element is satisfied when there is a "reasonable probability that, but for the alleged errors, the results of the proceedings would have been different." Id. at 695.

As noted previously, because the state court reviewed petitioner's claims of ineffective assistance of counsel on the merits, we are required to deny the claims unless they (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the fact in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see also Hale v. Green, 227 F.3d 1298, 1299 (10th Cir. 2000), cert. denied, 533 U.S. 957 (2001). This court presumes the state court's factual findings to be correct unless the petitioner is able to rebut these findings with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). A state court decision is contrary to established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of federal law under § 2254(d)(2) "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The reasonableness of the state court's application of federal law is evaluated objectively. See id. at 409-10.

The court has thoroughly reviewed the record in this case. The court is not persuaded that the state court erred in its determination of the ineffective assistance of counsel claims.

Petitioner initially argues that his counsel was ineffective because he failed to raise a challenge on speedy trial grounds.

16

The record before the court contradicts the defendant's contention. His counsel did raise this issue by filing a motion to dismiss on February 25, 2000.  The motion was denied by the trial court on March 6, 2000.  Accordingly, this claim is without factual and legal merit.

Petitioner next raises a variety of issues directed at his counsel's conduct during the trial.  He contends that his counsel was ineffective because he failed to object to certain evidence, failed to offer impeaching evidence, and failed to offer certain evidence.  The record fails to disclose any support for these contentions.  The court is not persuaded that any of the objections that petitioner suggests his counsel should have made would have been meritorious.  In addition, the court finds that petitioner did effectively cross-examine and attack the witnesses that appeared at trial.  He attempted, where possible, to establish that these witnesses had ulterior motives for making false claims against the petitioner.  His counsel also objected to a variety of matters in the case, including the testimony concerning the petitioner's gang membership.  The court is not persuaded that counsel's failure to call witnesses noted by the petitioner would have changed the result of the trial.  In sum, the court finds that petitioner has failed to meet his burden under <u>Strickland</u>.  He has neither shown that his counsel's performance was objectively unreasonable, nor that he was prejudiced by his counsel's alleged errors.

17

Accordingly, the court finds that petitioner is not entitled to habeas relief.

**IT IS THEREFORE ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1) be hereby denied.

**IT IS SO ORDERED.**

Dated this 23rd day of March, 2006 at Topeka, Kansas.

                    s/Richard D. Rogers
                    United States District Judge